UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NICHOLAS CIPARRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:13-CV-314 |
| ) | (VARLAN/SHIRLEY) |
| ) | |
| HARRY REID, ) | |
| UNITED STATES SENATOR, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

This case comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court for consideration of Plaintiff's Motion and Application To Proceed *In Forma Pauperis*, which has been filed in the above case. For the reasons more fully stated below, the Court finds that the Plaintiff should be allowed to file his Complaint without prepayment of costs, but the Court **RECOMMENDS** that the Complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

**I.     FILINGS AND ALLEGATIONS**

The Plaintiff has filed a motion to proceed *in forma pauperis*, along with the required application detailing his financial condition. This application demonstrates that the Plaintiff has little income and substantial debts.

Along with his motion and application, the Plaintiff has filed a Complaint [Doc. 2] that alleges United States Senator Harry Reid has allowed the Senate to conduct itself in violation of the Constitution. The Complaint states that Article I, § 7 of the Constitution provides that the Senate

1

cannot be the origin of revenue bills, but it continues to do so. The Complaint cites the Patient Protection and Affordable Care Act and the Marketplace Fairness Act to support his argument. He requests that every law that violates Article I, § 7 be repealed and voided.

## II. ANALYSIS

### A. <u>Jurisdiction</u>

Federal courts are courts of limited jurisdiction. Congress has conferred upon this Court, and other federal courts, the jurisdiction to hear only two types of civil cases: those arising under the United States Constitution and the laws and treaties of the United States, <u>see</u> 28 U.S.C. § 1331, and those cases in which the amount in controversy exceeds $75,000.00 and the parties are diverse, <u>see</u> 28 U.S.C. § 1332.

In his Complaint, the Plaintiff alleges a constitutional violation, which would confer federal court jurisdiction. However, it appears that the Plaintiff has not alleged any type of injury. In order to establish standing, the Plaintiff must (1) suffer an "injury in fact," which is a concrete harm that is actual or imminent; (2) demonstrate causation, "which is a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant"; and (3) demonstrate redressability. <u>Friends of Tims Ford v. Tenn. Valley Auth.</u>, 585 F.3d 955, 966 (6th Cir. 2009); <u>see also</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992). The Supreme Court has noted that "a plaintiff claiming only a generally available grievance about government—claiming only harm to his and every citizens' interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." <u>Lujan</u>, 504 U.S. at 573-74.

In the present matter, the Plaintiff has not shown that he has "such a personal stake in the outcome or the controversy as to assure . . . concrete adverseness." See Shreeve v. Obama, No. 1:10-cv-71, 2010 WL 4628177, at *4 (E.D. Tenn. Nov. 4, 2010) (quoting Massachusetts v. E.P.A., 549 U.S. 497, 516 (2007)). Instead, the Plaintiff alleges only a generalized grievance about the proper application of constitutional law, and he fails to allege how he is personally harmed by Senator Reid's actions. Accordingly, the Court finds that the Complaint fails to plead sufficient facts to establish jurisdiction. See id. (finding plaintiffs' allegations that defendants violated constitutional rights and failed to act within their scope of authority insufficient to establish standing).

B. **Indigency and Failure to State a Claim**

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. Adkins v. W.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948); Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827 (1989). To accomplish this ends, a court must evaluate the litigant's indigence, but notwithstanding indigence, a court may *sua sponte* dismiss a matter under 28 U.S.C. § 1915 if the litigation is frivolous and malicious or fails to state a claim upon which relief can be granted.

The Court will address the indigence and merits components of 28 U.S.C. § 1915 in turn.

1. **Indigence**

Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. Denton v. Hernandez, 504 U.S. 25 (1992).

The court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. See Gibson v. R.G. Smith Co., 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. Adkins, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that the petitioner cannot because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. Id. at 339.

In the present case, the Plaintiff's Application to Proceed Without Prepayment of Fees [Doc. 1] and Plaintiff's economic status have been considered in making the decision of whether to grant leave to proceed *in forma pauperis*, and it appears that Plaintiff's application sets forth grounds for so proceeding. The Motion for Leave to Proceed *In Forma Pauperis* and Application to Proceed Without Prepayment of Fees is, therefore, **GRANTED**.

The Clerk is **DIRECTED** to file the complaint in this cases without prepayment of costs or fees. See Gibson, 915 F.2d at 262-63. **The Clerk SHALL NOT issue process, however, at this time.**

2.   **Merits**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. See Neitzke, 490 U.S. 319.[1] The Complaint alleges that the "Senator Harry R[ei]d has allowed the Senate to conduct

---

[1] Plaintiff herein is not a prisoner. However, 28 U.S.C. § 1915, despite its references to prisoners, is not limited to prisoner suits. United States v. Floyd, 105 F.3d 274 (6th Cir. 1997) and Powell v. Hoover, 956 F. Supp. 564 (M.D. Pa.) (1997).

4

itself in violation of the Constitution." The Court finds that the Plaintiff has failed to state a claim upon which relief can be granted.

The Speech or Debate Clause states "for any Speech or Debate in either House, [members of Congress] shall not be questioned in any other Place." U.S. Cons. Art. I, § 6, cl. 1. It provides absolute immunity to legislators while they are acting within the "legitimate legislative sphere." Taylor v. Duncan, 720 F. Supp. 2d 945, 953 (E.D. Tenn. 2010) (quoting Eastland v. United States Servicmen's Fund, 421 U.S. 491, 503 (1975)). The Court notes that "a jurisdictional bar pursuant to the Speech or Debate Clause is best considered under the standard applicable . . . for failure to state a claim for which relief may be granted." Shreeve, 2010 WL 4628177, at *5 (citing Taylor, 720 F. Supp. 2d at 948).

In the present matter, the Complaint is clear that the Plaintiff is suing Senator Harry Reid for acting within his legislative capacity. Specifically, the Complaint alleges, "The defendant, Harry R[ie]d has allowed the Senate to conduct itself in violation of the Constitution." Accordingly, the Court finds that the Plaintiff has failed to state a claim for which relief can be granted. See id. (finding that plaintiffs failed to state a claim for which relief may be granted because the Speech or Debate Clause barred their claims against defendants Reid and Nancy Pelosi).

### III. CONCLUSION

In sum, the Court finds the Plaintiff's motion and application to proceed *in forma pauperis* to be well-taken, and the Clerk is **DIRECTED** to file the complaint in this case without prepayment of costs or fees. No process shall issue, however, until the District Judge has ruled

5

upon this Report and Recommendation, because it is **RECOMMENDED** that the Complaint be **DISMISSED** due to its jurisdictional deficiencies and under 28 U.S.C. § 1915(e) for failure to state a federal claim upon which relief can be granted.

This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of <u>Gibson v. R.G. Smith Co.</u>, 195 F.2d at 263, wherein the court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*[2].

Respectfully submitted,

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide <u>de novo</u> review where objections to this report and recommendation are frivolous, conclusive or general. <u>Mira v. Marshall</u>, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. <u>Smith v. Detroit Federation of Teachers</u>, 829 F.2d 1370 (6th Cir. 1987).